IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| OBD SENSOR SOLUTIONS LLC, | CIVIL ACTION NO. 3:24-cv-928 |
|---|---|
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| LINXUP, LLC, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff OBD Sensor Solutions LLC ("OBD Sensor Solutions" or "Plaintiff") files this complaint against Linxup, LLC (hereafter, "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patent (the "Asserted Patent"):

| U.S. Patent No. | Title | Available at |
|---|---|---|
| 7,146,346 | Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data | USPTO.GOV, https://patentcenter.uspto.gov/applications/10172145, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7146346. |

2. OBD Sensor Solutions seeks monetary damages.

**PARTIES**

3. OBD Sensor Solutions is a limited liability company organized under the laws of the State of Texas, with a place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701-2509 (Travis County).

4. On information and belief, Linxup is a domestic limited liability company organized under the laws of Delaware with its with its principal office located at 424 S Woods Mill Rd, Ste 210 Chesterfield, MO 63017-3428 (St. Louis).

5. Based upon public information and belief, Defendant owns, operates, manages, conducts business, directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following address 5200 77 Center Dr, Charlotte, NC 28217.

6. On information and belief, Linxup may be served through its registered agent for service, Cogency Global Inc., 2810 Coliseum Centre Drive Suite 120, Charlotte, NC 28217.

## JURISDICTION AND VENUE

7. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

8. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

9. Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because they have maintained an established and regular places of business in this District and have committed acts of patent infringement in this District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

10. Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the North Carolina Long Arm Statute due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in North Carolina

and in this District.

11. Specifically, Defendant intends to do and does business in, has committed acts of infringement in this District directly, through intermediaries, by contributing to and through their inducement of third parties (including their parents, subsidiaries, partners, affiliates, and end-users), and offer their products or services, including those accused of infringement here, to customers and potential customers located in North Carolina, including in this District.

12. Defendant maintains regular and established places of business in this District.

13. Based upon public information and belief, Defendant owns, operates, manages, conducts business, directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following address: 5200 77 Center Dr, Charlotte, North Carolina 28217.

14. Defendant commits acts of infringement in this District, including, but not limited to, use of the Accused Products.

**THE ACCUSED PRODUCTS**

15. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

16. Based upon public information, Defendant makes, uses, sells and/or offers for sale its OBD-II vehicle tracking devices, including but not limited to its "Plug-In GPS Vehicle Tracker" devices, and associated software and applications, which monitor and process information and/or data related to the use and functioning of motor vehicles through use of an on-board diagnostic computer and associated inner network connecting vehicle sensors (the "Accused Products"). *See* **Figures 1–3** (below): *see also* LINXUP, https://www.linxup.com/shop/product/plug-in-vehicle-and-car-tracking-device).



**Figure 1** (Source: https://www.linxup.com/shop/product/plug-in-vehicle-and-car-tracking-device)



**Figure 2** (Source: https://www.motosafety.com/features.html)



**Figure 3** (Source: https://www.linxup.com/shop/product/plug-in-vehicle-and-car-tracking-device)

17. Defendant owns, operates, advertises, and/or controls at least the website https://www.linxup.com/ through which it advertises, sells, offers to sell, promotes, provides and/or educates customers about its products, including the Accused Products.

18. Based upon public information, Defendant, directly and/or through its agents and intermediaries, also operates, advertises, and/or controls locations throughout this District, through which it and its agents and employees use, advertise, provide, and/or educate third-parties, including but not limited to customers, about the Accused Products.

19. By a letter dated April 29, 2024 addressed to *Mr. Drew Reynolds*, Chief Executive Officer at Linxup, LLC, (the "Notice Letter"), Defendant received notice of the Asserted Patent

5

Case 3:24-cv-00928-MOC-SCR   Document 1   Filed 10/21/24   Page 5 of 10

and its infringing activities alleged by OBD Sensor Solutions.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,146,346

20. OBD Sensor Solutions repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

21. The USPTO duly issued U.S. Patent No. 7,146,346 (the "'346 patent") on December 5, 2006, after full and fair examination of Application No. 10/172,145, which was filed on June 14, 2002. *See* '346 patent at 1.

22. The '346 patent is entitled "Fuzzy-Logic On Board Device For Monitoring And Processing Motor Vehicle Operating Data." *See id.*

23. OBD Sensor Solutions is the exclusive licensee of the '346 patent, with the sole and exclusive right to prosecute this action and enforce the '346 patent against infringers, and to collect damages for all relevant times.

24. OBD Sensor Solutions has complied with all requirements set forth in 35 U.S.C. § 287. OBD has not sold in the United States any article or product that practices one or more claims of the '346 patent. OBD has made reasonable efforts to ensure that any licensees' articles or products that practice one or more claims of the '346 patent, to the extent any such licenses or products exist, were marked.

25. The claims of the '346 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of electronic built-in on-board devices and methods for monitoring and processing motor vehicle operating data.

26. The written description of the '346 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and

6

Case 3:24-cv-00928-MOC-SCR   Document 1   Filed 10/21/24   Page 6 of 10

improved upon what may have been considered conventional or generic in the art at the priority date. The '346 patent also identifies and circumscribes all information necessary for a skilled artisan to perform each limitation in the claims in light of that which was known in the art at the priority date.

27. Defendant has infringed the '346 patent by making, using, providing, supplying, selling, offering for sale, or distributing the Accused Products.

28. Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '346 patent, as detailed in **Exhibit A** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 7,146,346).

29. For example, as detailed in Ex. A, the Accused Products include an electronic device for monitoring and processing information data related to the use and functioning of motor vehicles through an inner network connecting vehicle sensors, said device comprising, a central processing unit; an integrated data storage connected to the central processing unit; and a network connector operatively connected to the central processing unit and configured to be connected to an inner network of a motor vehicle through a connector used by motor vehicle makers for accessing a vehicle on-board electric system with a diagnostic unit, said device being a stand-alone device cooperating with the vehicle electronic dedicated control units, via said network connector and through said inner network, and processing information data related to use and functioning of the motor vehicle received through said network connector and the inner network from connected vehicle sensors, said data received through said inner network being processed by said central processing unit and performed analysis being stored into said storage; an interface connector providing connection to one of a radio transmitter and a wireless unit; and a front-end device and a bus connecting said network connector to said central processing unit; and a further bus

7

Case 3:24-cv-00928-MOC-SCR   Document 1   Filed 10/21/24   Page 7 of 10

connecting said central processing unit to said storage, wherein said device is coupled, through said on-board network connector, with one of an OBD- and an EOBD connector for interfacing the motor vehicle inner networks with an outside network of said motor vehicle.

30. Defendant has had knowledge of the '346 patent at least as early as Defendant's receipt of the Notice Letter.

31. OBD Sensor Solutions or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '346 patent.

32. Plaintiff has been damaged and continues to be damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to OBD Sensor Solutions in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

33. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

34. WHEREFORE, OBD Sensor Solutions requests that the Court find in its favor and against Defendant, and that the Court grant OBD Sensor Solutions the following relief:

 a. Judgment that one or more claims of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or all others acting in concert therewith;

 b. An award of a reasonable ongoing royalty for future infringement of the '346 patent by such entities;

 c. Judgment that Defendant account for and pay to OBD Sensor Solutions all damages

to and costs incurred by OBD Sensor Solutions because of Defendant's infringing activities and other conduct complained of herein;

d. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award OBD Sensor Solutions its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 21, 2024          Respectfully submitted,

By: *s/*Stephen S. Ashley, Jr.

Stephen S. Ashley, Jr.
North Carolina State Bar No. 27649
**ASHLEY LAW FIRM P.C.**
10700 Sikes Place, Suite 230
Charlotte, NC 28277
Telephone: (704) 847-1300
E-mail: sa@ashleypatentlaw.com

*Of Counsel:*
C. Matthew Rozier (CO Bar No. 46854)
(application for admission *pro hac vice* forthcoming)
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (202) 316-1591
Email: matt@rhmtrial.com

*Attorneys for Plaintiff OBD Sensor Solutions LLC*

List Of Exhibits
    A. Evidence of Use Regarding Infringement of U.S. Patent No. 7,146,346

List Of Supportive Links
1. LINXUP, https://www.linxup.com/
2. LINXUP, https://www.linxup.com/shop/product/plug-in-vehicle-and-car-tracking-device
3. MOTOSAFETY, https://www.motosafety.com/features.html